**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000444
17-APR-2024
08:23 AM
Dkt. 64 SO**

NO. CAAP-19-0000444

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


JAMES W.K. LEE, Plaintiff-Appellant, v.
NATIONAL CARPET, Defendant-Appellee.
and
JOHN DOES 1-15, JANE DOES 1-5, DOE CORPORATIONS 1-5,
DOE PARTNERSHIPS 1-5, DOE NON PROFIT ORGANIZATIONS 1-5,
AND DOE GOVERNMENTAL AGENCIES 1-5, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 17-1-0625)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting C.J., and Wadsworth and Nakasone, JJ.)

Plaintiff-Appellant James W.K. Lee (**Lee**) appeals from
the May 20, 2019 Final Judgment (**Judgment**), entered in favor of
Defendant-Appellee National Carpet (**National**) and against Lee by
the Circuit Court of the First Circuit (**Circuit Court**).[1]  Lee
also challenges the Circuit Court's April 29, 2019 "Order
Granting [National's] Motion for Summary Judgment" (**Order**).  On
appeal, Lee contends that the Circuit Court erred in granting
summary judgment in favor of National.

After reviewing the record on appeal and the relevant
legal authorities, and giving due consideration to the issues
raised and the arguments advanced by the parties, we resolve
Lee's contention as follows, and affirm.

Following an April 3, 2019 hearing on National's motion
for summary judgment, the Circuit Court ruled in relevant part:

---

[1]  The Honorable Jeffery P. Crabtree presided.

> With respect to [Lee's] claim asserting a wrongful termination because of a disability in violation of Hawai‘i Revised Statute[s] (**"HRS"**) § 378-2(a)(1), the Court finds that [Lee] has not and cannot meet his prima facie burden to show that he suffered from a disability protected by HRS Chapter 378. In opposition to [National's] Motion, [Lee] failed to present any medical records or admissible medical evidence to establish that he had a disability as defined by HRS Chapter 378. [Lee's] reliance on his declaration in lieu of medical records is insufficient to meet his burden to raise a question of fact on the issue of whether [Lee] had a disability protected by HRS Chapter 378. Thorn v. BAE Systems Hawai‘i Shipyards, Inc., 586 F.[ ]Supp.[ ]2d 1213, 1221 (D. Hawai‘i 2008). In addition, [Lee] has not presented any evidence to raise an issue of fact regarding whether his alleged disabilities limited his ability to perform essential functions of his job.

Lee contends that the Circuit Court erred in granting summary judgment in favor of National on Lee's claim that he suffered "an impairment from gout and arthritis[,]" where Lee stated in answers to interrogatories that "his gout was causing him pain." Lee argues that "[i]t was not necessary to support his claim of pain with medical records or other medical evidence." Lee further argues that "there is no dispute that [he] was suffering from gout and arthritis."

Lee points to nothing in the record supporting the latter argument, which we therefore disregard. See Hawai‘i Rules of Appellate Procedure Rule 28(b)(4), (7). Indeed, our review of the record reveals that Lee did not even allege below that he suffered from arthritis as part of his claim. Not having raised the issue below, Lee cannot raise it on appeal; his arthritis-based claim is waived. See Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawai‘i 97, 107, 58 P.3d 608, 618 (2002) (arguments not raised in the trial court are ordinarily deemed waived on appeal).

HRS § 378-2 makes it an unlawful discriminatory practice "[f]or any employer to refuse to hire or employ or to bar or discharge from employment, or otherwise to discriminate against any individual in compensation or in the terms, conditions, or privileges of employment" because of a person's disability. HRS § 378-2(a)(1)(A) (2015). To establish a prima facie case of disability discrimination under HRS Chapter 378, "a plaintiff has the burden of establishing that: (1) he or she is an individual with a 'disability' within the meaning of the

2

statute; (2) he or she is otherwise qualified to perform the essential duties of his or her job with or without reasonable accommodation; and (3) he or she suffered an adverse employment decision because of his or her disability."  French v. Hawaii Pizza Hut, Inc., 105 Hawaiʻi 462, 467, 99 P.3d 1046, 1051 (2004) (adopting the analysis for establishing a prima facie case of disability discrimination under HRS § 378-2 that was established in Sutton v. United Air Lines, Inc., 527 U.S. 471, 477-78 (1999), for disability discrimination under the Americans With Disabilities Act of 1990 (**ADA**), 42 U.S.C. § 12101).  HRS § 378-1 (2015) defines disability as "the state of having a physical or mental impairment which substantially limits one or more major life activities[.]"  Thus, "a 'physical or mental impairment' is a disability if the impairment 'substantially limits' a 'major life activity.'"  French, 105 Hawaiʻi at 467, 99 P.3d at 1051 (quoting HRS § 378-1).

Here, National moved for summary judgment on Lee's claim of disability discrimination, arguing in part that Lee could not establish a prima facie case because he had failed during discovery to produce any evidence that he suffered from a disability as defined by HRS § 378-1.  See Ralston v. Yim, 129 Hawaiʻi 46, 48, 292 P.3d 1276, 1278 (2013) (where the non-movant bears the burden of proof at trial, a summary judgment movant may satisfy its initial burden by "demonstrating that the non-movant will be unable to carry [its] burden of proof at trial").  In his opposition to the motion, Lee relied on his own declaration, which stated that he was diagnosed with gout in 2005; the gout "would cause [his] right ankle and right elbow to swell"; he would "have trouble standing and walking" when his ankle would swell, and would "have trouble lifting" when his right elbow would swell; he "needed to work a little slower at a time when [he] was having an attack"; and he "would have a gout attack about one time per month which would last one to two days."  Lee did not submit any medical documentation or a declaration by either of his physicians supporting his opposition to the motion.

We recognize that standing, walking, and lifting are major life activities.  See Hawaiʻi Administrative Rules (**HAR**)

3

§ 12-46-182; French, 105 Hawaiʻi at 468, 99 P.3d at 1052. Nevertheless, having reviewed the record, including the interrogatory answers on which Lee now relies, we conclude that Lee failed to meet his burden of producing admissible evidence of sufficient probative value as to give rise to a genuine issue of material fact regarding whether he had a physical impairment that substantially limited his abilities to stand, walk, and lift. See HAR § 12-46-182; Bitney v. Honolulu Police Dep't, 96 Hawaiʻi 243, 246, 254, 30 P.3d 257, 260, 268 (2001) (holding that for purposes of her claim under the ADA, the plaintiff failed to meet her burden of producing evidence of sufficient probative value as to give rise to a genuine issue of material fact regarding whether her dyslexia substantially restricted her ability in any major life activity). Accordingly, the Circuit court did not err in concluding that Lee would be unable to carry his prima facie burden to show that he suffered from a disability protected by HRS Chapter 378, and that National was entitled to summary judgment on Lee's disability discrimination claim.

Given our resolution of this issue, we need not address Lee's remaining arguments on appeal.

For the reasons discussed above, we affirm the May 20, 2019 Final Judgment, entered by the Circuit Court of the First Circuit.

DATED:  Honolulu, Hawaiʻi, April 17, 2024.

On the briefs:

Charles H. Brower and
Michael P. Healy,
for Plaintiff-Appellant.

Paul M. Saito and
Darene K. Matsuoka
(Cades Schutte LLP)
for Defendant-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge